The opinion of the Court was delivered by
HUGER, J.
I shall proceed to examine these different grounds, in the order they have been submitted.
The words of the Act of 1788,[1] are, “Commissioners are hereby authorized and required to lay out, make, and keep in repair, all such high *5271 roa^s> Pirate paths, ^bridges, &c., as have been or shall be es- -* tablished by law, or as they shall judge necessary in their several parishes and districts.” The road in question is not a high road; and under the Act, the only inquiry then is, what was intended by “private path?” Path is constantly used in our old Acts as synonymous with road; as in the Act of 1741 and ’42, the way, leading to Palmer’s ferry, is called a road ox path.[2] And until within a very few years, it was the custom of -a large portion of the population of this State, to use the term, path, to the exclusion of road; the public road was called the *691 public path, as private roads were called private paths. The term, path, being thus understood, the commissioners are authorized and required to lay out, make, and repair, such public and private roads as they may think necessary. Now, a public road is a way through the State, or from town to town, and a private road is a way from public road to public road, or from the public road over a neck of land, towards its extremity, all of which are used by the public, and therefore the commissioners, who are public agents, are required to make and keep them in repair. But ways which lead from public or private roads to the habitations of individuals, are avenues, not intended for public use, but for private purposes, and, as such, not uuder the management of the public agents, the commissioners, but are made and kept in repair by the individuals, to whose use they are exclusively appropriated.
Blanding, for the motion. Mayrant, contra.
But if the power of making and keeping in repair avenues or ways, leading from public roads to the habitations of individuals, had been given by the Act of 1788, it is expressly limited to such as are necessary, and is not extended to such as are only convenient. The road in question may have been, and probably was, more convenient than the old road, but cannot be regarded as necessary, inasmuch as the old road not only afforded an outlet from the plantation of Bees, but was, in fact, the shortest to market, that is, to Charleston. But whether the road be necessary or *not, is a question of fact which ought to have been r^goo submitted to the jury; the nonsuit must, therefore, be set aside. ^
The third ground taken in the brief, I understand, was overruled by this Court on a former occasion, (a.) I have been unable to find the decision inferred to, from the difficulty of searching the mazy volumes of manuscript reports, in which all the decisions of this Court, prior to 1818, are buried, and from which they may never arise, unless aided by a regularly appointed reporter. I cannot, however, forbear the expression of the hope, that when minutely examined, the decision alluded to, will be found less at variance with the provisions of the constitution, and of magna charta, than I at present apprehend. But on this point, it is now unnecessary to express an opinion.
The motion is granted.
Gantt and Nora, JJ., concurred.
Coicock and Johnson, JJ., dissented.

 9 Stat. 309, § 6; see Acts, 1785, 9 Stat. 203, \ 4; 1741, 9 Stat. 126, §§ 5, 6, 13; 1721, 9 Stat. 54, § 19 ; and many intervening Acts concerning the powers of special commissioners for particular roads; 1825, 9 Stat. 559, § 5. An Act of 1698, concerning “highways and paths,” has been lost, but is referred to, 9 Stat. 13.

 This should probably be Met of 1733, (9 Stat. 74,) and Parker's ferry. For “road or path,” see also 9 Stat. 2, 17, 19, 47, 74, 146. “Path or highway,” 9 Stat. 22, 30, § 5. “Path” used for highway, 9 Stat. 5, 10, 13, 145-6. “Broad path,” 9 Stat. 2, 10, § 8 ; 21, § 1 ; 19, § 2, 5 ; 21, § 1, 30. “Privatepath or road," 9 Stat. 225. “ Public path” used for public road, 9 Stat. 73. See 1 McM. 47; 11 Rich. 263; 5 Rich. 186; 6 Rich. 399 ; 2 Strob. 60; 4 McC. 68; 3 McC. 170; 3 Brev, 85 ; and Act of 1741 before cited; Evans’s Road Law, 5, 7.

) See the cases of Withers v. Commissioners, 1 vol. MS. Opinions Const. Court, Columbia, p. 102, [3 Brev. 83,] and State v. Singleton, Ib. 643 ; also Ford v. Whitaker, 1 Nott & McCord, 5 ; Starke v. McGowen, Ib. 392.—R. [Evans’ Road Law, 5-7.]